BRIAN L. CELLA SBN 096346
CELLA LANGE & CELLA LLP
1922 Tice Valley Blvd., Number 2366
Walnut Creek, California 94595
Telephone: (925) 974-1112

MARK M. SHARF
SHARF LAW FIRM
6080 Center Dr., Suite 600
Los Angeles, CA  90045
Tel: (818)961-7170
Fax: (323)320-4221
mark@sharflaw.com

Attorneys for Plaintiff THE FILM MUSICIANS
SECONDARY MARKETS FUND
(By Ms. Kim Roberts Hedgpeth, Executive Director)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ROBERTS HEDGPETH, IN HER CAPACITY AS EXECUTIVE DIRECTOR, FILM MUSICIANS SECONDARY MARKETS FUND,<br><br>Plaintiff,<br><br>vs.<br><br>GIANT SCREEN FILMS, LLC, a Delaware limited liability company; KEMPF/STERN PRODUCTION COMPANY, LLC, a Delaware limited liability company; TORNADO ALLEY FILM, LLC, a Delaware limited liability company; and Does 1 through 10, inclusive,<br><br>Defendants. | No:  2:19-cv-7852<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF CONTRACT;<br>(2) ACCOUNTING;<br>(3) MONIES HAD AND RECEIVED;<br>(4) RESTITUTION; and<br>(5) DECLARATORY RELIEF<br><br><u>JURY TRIAL DEMANDED</u> |

1.     This court has jurisdiction of this action, including under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and 28 U.S.C. §§ 1331, 1337, 1367, without regard to the amount in controversy or the citizenship of the parties.

2.     Venue in this district is proper pursuant to 28 U.S.C. § 1391.

3.     Plaintiff Kim Roberts Hedgpeth, in her capacity as Executive Director and on behalf of the FILM MUSICIANS SECONDARY MARKETS FUND ("Plaintiff" or "the Fund"), sues the Defendants named above (the "Defendants") for payments of any and all residuals owed, a complete and accurate statement of gross receipts and residuals owed and access to books and records for a compliance review to verify the accuracy of payments and statements for the motion picture and/or television films known as *Michael Jordan to the Max* and *Tornado Alley* ("the films").

## INTRODUCTION

4.     Union musicians and other employees help create movie and television films enjoyed throughout the world.  Under industry-wide collective bargaining agreements, the payment to the musicians includes the deferred compensation sometimes known as residuals. The amount of the residuals depends on the amount of worldwide revenues from the secondary and supplemental markets (e.g., VCR/DVD, Free-TV, Pay-TV, Streaming Media or In-flight) after initial distribution of the films (e.g., in the Movie Theater).

5.     It is a self-reporting system in which a party exploiting the films is legally required to represent accurately and to pay faithfully the amounts owed to the Fund as they become due on an ongoing basis for the different markets and territories. The Fund, in turn, disburses the payments to the musicians who worked on the films.

6.     The Fund is a non-profit employee fund established by the collective bargaining agreements. Each year the Fund receives payments for thousands of films throughout the world and, in turn, distributes payments to thousands of union musicians and other participants.

7.     It is a self-reporting system. The Fund depends on the parties exploiting a film to report fully and accurately because they have superior if not exclusive knowledge as to

1   their own revenues and contractual arrangements following release of the film.

2       8.    The collective bargaining agreements accordingly require the parties exploiting

3   a film to maintain books and records and make them available to the Fund upon request for a

4   compliance review, usually by independent certified public accountants, so that the identity of

5   the party owing the residuals and the amount of payments owed, if any, may be verified.

6       9.    Plaintiff the Fund has demanded that Defendants comply with the Collective

7   Bargaining Agreement by, among other things, making all books and records relating to gross

8   receipts available for a compliance review, providing accurate statement of gross receipts and

9   residuals owed, and paying any residuals owed.

10       10.    One or more of the Defendants have previously made payment to the Fund with

11   respect to the film *Michael Jordan to the Max*. However, despite demand, Defendants have

12   now breached their affirmative duties to the Fund. They have failed and refused and continue

13   to fail and refuse i) to make books and records available for review of their past and ongoing

14   exploitation of the films so that the Fund can verify whether or not all residuals owed have

15   been paid and are being paid; and ii) upon information and belief, to report accurately and

16   remit the full amounts due for their past and ongoing exploitation of the films.

17   <center>PARTIES</center>

18       11.    Ms. Hedgpeth is the duly appointed and authorized Executive Director of the

19   Fund, a non-profit employee Fund with its principal place of business in Encino, California.

20       12.    The Fund was created by and operates under the Basic Theatrical Motion

21   Picture Agreement, the Television Film Labor Agreement and the Film Musicians Secondary

22   Markets Fund Agreement (all of which are written agreements collectively referred to herein

23   as "the Collective Bargaining Agreement") between the motion picture and television industry

24   and the American Federation of Musicians of the United States and Canada, AFL-CIO

25   ("AFM").

26       13.    Plaintiff is informed and believes and thereon alleges that Defendant GIANT

27   SCREEN FILMS, LLC, is a Delaware limited liability company ("Defendant" or "Giant"),

28   with its principal place of business in Illinois and conducts business within California and that

it bears, in whole or in part, the duty under the Collective Bargaining Agreement to the Fund for *Michael Jordan to the Max* and *Tornado Alley*.

14.     Plaintiff is informed and believes and thereon alleges that KEMPF/STERN PRODUCTION COMPANY LLC, is a Delaware limited liability company ("Defendant or Kempf/Stern"), which at all relevant times had its principal place of business in Illinois and conducted business within California, and that it bears, in whole or in part, the duty under the Collective Bargaining Agreement to the Fund for *Michael Jordan to the Max*. A true and correct copy of the Assumption Agreement entered into by Kempf/Stern obligating itself to the Fund under the Collective Bargaining Agreement is attached hereto as Exhibit A and incorporated herein by this reference.  The Fund is informed and believes that at all relevant times Kempf/Stern was a special purpose entity or straw company formed by and under the control of Giant and/or Giant's principals and acting as a conduit for and at the direction of and behalf of Giant and/or Giant's principals.

15.     Plaintiff is informed and believes and thereon alleges that Defendant TORNADO ALLEY FILM, LLC, is a Delaware limited liability company, with its principal place of business in Illinois and conducts business within California ("Defendant" or "Tornado"), which at all relevant times had its principal place of business in Illinois and conducted business within California, and that it bears, in whole or in part, the duty under the Collective Bargaining Agreement to the Fund for *Tornado Alley*. A true and correct copy of the Assumption Agreement entered into by Tornado obligating itself to the Fund under the Collective Bargaining Agreement is attached hereto as Exhibit B and incorporated herein by this reference.  The Fund is informed and believes that at all relevant times Tornado was a special purpose entity or straw company formed by and under the control of Giant and/or Giant's principals and acting as a conduit for and at the direction of and behalf of Giant and/or Giant's principals.

16.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes and thereon

alleges that each of the Defendants designated herein as a Doe, or otherwise, is legally responsible for the events and happenings described herein and proximately caused injury and damages to Plaintiff as hereinafter alleged.  Plaintiff will amend this Complaint to set forth the identities of said Defendants in the event they are ascertained.  Upon information and belief, Defendant Does were parties to the hereinafter described agreements, and/or were alter egos or a single enterprise or common enterprise with parties to said agreements and/or expressly or impliedly assumed the obligations thereof through agreement, assignment, conspiracy, ratification, exploitation of the film, receipt of revenue from the film, entity succession, transfer of an interest in copyright or otherwise and/or by operation of law, including the Digital Millennium Copyright Act, 28 USC § 4001, and/or were under actual or constructive notice of the obligations thereof such that they are bound by those obligations. Upon information and belief, Defendant Does induced the remaining Defendants to breach their duties and damage Plaintiff as herein alleged, or conspired with, ratified and/or received the benefits of the conduct of the remaining Defendants, such that each is liable for the conduct of one another and/or bound by the obligations of the other to the Fund, including the payment to the Fund of monies owed the union musicians and other participants, to make an accurate report to the Fund and to make information available to the Fund so that it can determine its rights and the rights of the union musicians and other participants that the Fund serves.

17.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants was the agent or alter ego of each of the remaining Defendants, acted in concert and jointly with respect to all matters material hereto and as part of a single enterprise or common enterprise, and/or was at all times herein mentioned acting within the purpose and scope of said agency and/or that there exists, and at all times herein mentioned existed, a unity of interest in ownership and commingling and overlap of ownership and management such that separation ceased and the Defendants became the alter-egos of each other and that adherence to the fiction of a separate existence would permit an abuse of the corporate or limited liability company or partnership privilege and would promote injustice,

fraud and unfairness and/or that each Defendant induced, authorized, condoned, conspired with or ratified the conduct, as hereinafter set forth, of the remaining Defendants, such that each is liable for the conduct of one another and/or each expressly, impliedly and/or by operation of law, including the Digital Millennium Copyright Act, 28 USC § 4001, assumed the obligations of the others through agreement, assignment, ratification, exploitation, receipt of revenue, entity succession, transfer of an interest, transfer of an interest for less than full consideration, participation in the winding-up of an obligated entity without providing for payment to the Fund and/or were under actual or constructive notice of the obligations such that they are bound by those obligations and/or assumed by agreement, equity or law those obligations.

<div align="center">THE COLLECTIVE BARGAINING AGREEMENT</div>

18.    The Collective Bargaining Agreement provides for the rates of pay, hours, benefit contributions and other payments, including the compensation sometimes known as residuals.

19.    The Collective Bargaining Agreement provides that residuals are to be paid on a continuous and ongoing basis from any revenues in the worldwide secondary and supplemental markets following initial exploitation of the films.  The residuals are calculated at the effective rate of one percent (1%) of receipts (with certain volume adjustments for digital downloads).

20.    The Collective Bargaining Agreement provides that the parties paying the residuals are to report accurately to the Fund the amounts they received, if any, from the secondary and supplemental markets when they pay the residuals based on those receipts. The payments are held by the Fund and paid out ratably on an annual basis to the musicians who participated in creating the music soundtrack for the film. The Collective Bargaining Agreement requires the parties owing the residuals to maintain books and records and make books and records available upon request for a compliance review so that the identity of the party owing the residuals and the amount of payments owed may be verified.

21.    The Collective Bargaining Agreement provides that a party found to have

defaulted in payment shall pay, in addition to the overdue amount, liquidated damages in a monthly rate that equates to 10 percent (10%) *per annum* of the delinquent payment after sixty (60) days' notice, which notice has been given, including without limitation by service of this Complaint, and attorneys' fees, expenses and other disbursements incurred by the Fund in collection of overdue amounts (such as accounting fees).

22.     Plaintiff is informed and believes and thereon alleges that the Defendants were party to or are otherwise bound by all obligations owing under the Collective Bargaining Agreement; and/or expressly or impliedly assumed the obligations of said agreements through assumption agreements, distribution agreements and like agreements, assignment, conspiracy, ratification, receipt of revenue from the film, entity succession, transfer of an interest in copyright or otherwise; and/or by operation of law, including the Digital Millennium Copyright Act, 28 USC § 4001, and/or were fraudulent or negligent in their assignment or delegation of a duty owed the Fund to parties that were or are not financially responsible to discharge the duty.

23.     Plaintiff is informed and believes and thereon alleges that the Defendants have benefited from these contracts, agreements and arrangements and knew or should have known that in acquiring the economic benefits from the services of the musicians and/or exploitation of the films, they had likewise undertaken the burden of payment, accurate reporting and maintaining and providing access to books and records.

<center>MUSICIANS PERFORM WORK</center>

24.     Union musicians and other participants working under the jurisdiction of the AFM and under the terms of the Collective Bargaining Agreement worked on the films and performed everything required of them.  Upon information and belief, union musicians and other participants performed that work with the understanding and in reliance upon the representation that the films were subject to the terms of the Collective Bargaining Agreement, including the promise to pay the Fund and to accurately account to the Fund.

BREACH OF AGREEMENT

25.     Plaintiff is informed and believes and thereon alleges that all or some of the films have been and are being shown in one or more secondary or supplemental markets, and have generated and continue to generate revenues on a continuous and ongoing basis in the worldwide secondary and supplemental markets.

26.     As provided by the Collective Bargaining Agreement and according to industry custom and practice, Plaintiff demanded accurate statement of any amounts owed on the continuing and ongoing exploitation of the films, a compliance review to verify the accuracy of reports and payments on the continuing and ongoing exploitation of the films and payments of any amounts owed on the continuing and ongoing exploitation of the films. A compliance review is the Fund's opportunity to confirm the reports and payments were accurate, and requires the parties exploiting a film to provide the accountants with information known to them and unknown to Plaintiff, including Defendants' private arrangements for distribution in the worldwide markets, revenues generated in the various worldwide secondary and supplemental markets and any transfer of responsibility for the residuals to other entities or parties.

27.     The Fund depends upon the parties exploiting the films for accurate information in compliance with the Collective Bargaining Agreement and reasonably relied upon said misreporting or non-reporting that no residuals were owed or a lesser amount of residuals were owed. The Fund lacks full knowledge of worldwide revenues from the films and Defendants' own contractual or equitable undertakings, and therefore the amounts owed to the Fund and the identity of all parties with an obligation to the Fund.

28.     However, as of the date of this Complaint, Defendants have breached their duties to the Fund and have not made books and records available for further compliance review, and the Fund is informed and believed that Defendants have misreported and/or failed to disclose accurate statements of amounts owed and not paid all amounts due the Fund for the films. Other films may be at issue but are unknown to Plaintiff at this time and presumably known to Defendants.

29.     Further, the Fund demanded of Defendants that they 1) Make books and records available for such titles and periods; and 2) Pay any residuals owed for any such titles and periods.

30.     However, as of the date of this Complaint Defendants have refused and failed to provide the requested information or make any payments.

31.     The full amount of payments owed to the Fund, from both past and ongoing revenues, cannot be determined with specificity without the required statements and reasonable access to the books and records of Defendants.  Plaintiff has no adequate remedy at law because, in addition to any monetary damages caused Plaintiff:

(a)     Defendants' actions and refusals to act directly interfere with Plaintiff's property rights and duties under the Collective Bargaining Agreement, which interference constitutes an irreparable injury irrespective of money damages because it is the Fund's duty, on behalf of the musicians it serves, to determine whether and in what amount it is owed residuals;

(b)     Defendants' wrongful conduct threatens to cause Plaintiff monetary and other damage which would be extremely difficult to ascertain without the information;

(c)     Unless an injunction in the form prayed for is issued, Defendants' conduct will tend to render judgment ineffectual in that the rights sought to be protected are the rights sought to be enforced by injunction; and

(d)     Unless an injunction in the form prayed for is issued, there is likelihood of multiple judicial proceedings to determine the rights of Plaintiff.

<center>CLAIM ONE</center>

<center>BREACH OF CONTRACT</center>

32.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth here in full.

33.     Defendants are in breach of their agreement and duties to the Fund.

34.     As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount according to proof: i) upon information and belief, there are due and owing

residuals payments; ii) upon information and belief, Defendants have misstated and failed to disclose gross receipts and residuals owed; iii) books and records were not provided as required and Plaintiff has been denied full access to books and records for compliance reviews to determine whether and in what amount additional residuals are due up through and including the date of the Complaint and any Judgment.

35.     In addition to an award of monetary damages as specified in the prayer below, Plaintiff seeks a preliminary and permanent injunction against all Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments now due or to become due.

CLAIM TWO

ACCOUNTING

36.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 35, inclusive, as though set forth here in full.

37.     Plaintiff is entitled to a full accounting, including i) access to the books and records of Defendants so that the amount of payments owed can be calculated accurately; ii) report of payments due and the identity of all parties owing payments; and iii) payment of any and all amounts due.

38.     Despite demand, Defendants have not provided Plaintiff with an adequate accounting.

39.     Without such an accounting, Plaintiff is unable to determine and obtain the full amount of payments, if any, owed or to be owed.  This lessens the likelihood that Plaintiff, and the musicians they serve, will obtain the full benefit of the musicians' work on the film(s).

40.     Plaintiff has no adequate remedy at law in that without an accounting from Defendants, Plaintiff is unable to determine the full extent of Defendants' and others'

obligations.

CLAIM THREE

MONIES HAD AND RECEIVED

41.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 40, inclusive, as though set forth here in full.

42.     Upon information and belief, Defendants have become indebted to Plaintiff for monies had and received by Defendants for the use and benefit of Plaintiff and the musicians it serves.

43.     Upon information and belief, as a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount according to proof.

44.     In addition to an award of monetary damages as specified in the prayer below, Plaintiff seeks a preliminary and permanent injunction against said Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments due or to become due.

CLAIM FOUR

RESTITUTION

45.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 44, inclusive, as though set forth here in full.

46.     Plaintiff is informed and believes and thereon alleges that payments from the films can be readily identified. Upon information and belief, Defendants have retained these sums and thus been unjustly enriched and because of the conduct of said Defendants in taking and withholding payments owed to the Fund, the court should order Defendants to serve as constructive trustees of such proceeds, together with interest, for the benefit of Plaintiff and the musicians they serve and to pay over said amounts to the Fund.

47.     Defendants have failed and refused, and continue to fail and refuse, to allow

1   Plaintiff the opportunity to examine and inspect at reasonable times books and records

2   necessary to a determination of its rights as required by the Collective Bargaining Agreement.

3           48.      This lack of access lessens the likelihood that Plaintiff, and the musicians it

4   serves, will obtain the full benefits of the musicians' work on the films.

5           49.      Plaintiff has taken all actions required of it under the Collective Bargaining

6   Agreement, and in equity and at law.

7           50.      As a direct and proximate result of the foregoing, Plaintiff has been damaged in

8   an amount according to proof.

9           51.      In addition to an award of monetary damages as specified in the prayer below,

10   Plaintiff seeks a preliminary and permanent injunction against all Defendants and each of

11   them prohibiting them from destroying or moving outside the United States of America any

12   books and records related to determination of payments from the films, and ordering

13   Defendants and each of them to provide access to all books and records related to

14   determination of past, present and future payments, and to make all payments due or to

15   become due.

16   <div align="center">CLAIM FIVE</div>

17   <div align="center"><u>DECLARATORY RELIEF</u></div>

18           52.      Plaintiff hereby incorporates each and every allegation contained in paragraphs

19   1 through 51, inclusive, as though set forth here in full.

20           53.      An actual controversy has arisen and now exists between Plaintiff and

21   Defendants in that Plaintiff contends and, Plaintiff is informed and believes, Defendants deny:

22           (a)      That Plaintiff was and on a continuing and ongoing basis is entitled to full

23   payment of residuals due from exploitation of the films in the secondary and supplemental

24   markets, accurate and full statements as those residuals and/or full access to the books and

25   records of Defendants insofar as they relate to those residuals;

26           (b)      That Defendants have in breach of their obligations failed and refused and

27   continue to fail and refuse to make payment, report gross receipts and residuals due

28   accurately or provide access to all books and records;

(c)     That Defendants must provide such payments, statements and books and records as to past residuals owed and as they become due from continuing and ongoing exploitation of the films in the secondary and supplemental markets.

54.     Plaintiff requests a judicial determination of the respective rights and duties of Plaintiff and Defendants. In particular, Plaintiff seeks a judicial determination:

(a)     That Plaintiff is entitled to full payment of residuals due, including from past, continuing and ongoing exploitation of the films in the secondary and supplemental markets, accurate statements as to those residuals and the parties owing those residuals and full access to the books and records of Defendants insofar as they relate to those residuals;

(b)     That Defendants have in breach of their obligations failed and refused and continue to fail and refuse to make payments, state accurately and fully or provide access to all books and records;

(c)     That Defendants must provide such payments, statements and books and records as to past residuals owed and as they become due from continuing and ongoing exploitation of the films in the secondary and supplemental markets.

55.     Such determination is necessary and appropriate at this time in order that Plaintiff may ascertain their rights and duties with respect to the subject film(s) and prevent the irreparable harm it will otherwise suffer.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## PRAYER FOR RELIEF

1.     That this court enter judgment against Defendants and each of them in favor of Plaintiff;

2.     That this court award Plaintiff compensatory and actual damages in an amount according to proof and for no less than any and all residuals which are owed for all past time periods, calculated from the creation of each of the films to the present;

3.     That this court compel Defendants and each of them to perform an accounting and to render same to Plaintiff, including payment of any amounts found due and to become

due;

4.    That this court compel Defendants and each of them to grant Plaintiff access to their books and records to fully ascertain amounts owed, if any, and to make payment of any amounts owed;

5.    That this court award Plaintiff reasonable attorneys' fees, expenses and other disbursements incurred in this action and in collection of any amounts due (including accounting costs);

6.    That this court order a constructive trust according to proof;

7.    That this Court award liquidated damages pursuant to the Collective Bargaining Agreement;

8.    That this court award Plaintiff prejudgment interest;

9.    That the Court declare that Plaintiff is entitled to access to the books and records of Defendants insofar as they relate to the residual obligation and that Plaintiff is entitled to accurate statements and payments of past, current and future residuals.

10.    That the Court issue a preliminary and permanent injunction against all Defendants and each of them prohibiting them from destroying or moving outside the United States of America any books and records related to determination of payments from the films, and ordering Defendants and each of them to provide access to all books and records related to determination of past, present and future payments, and to make all payments due.

11.    That this Court grant such other and further relief as may be just and proper.

DATED: September 10, 2019                CELLA LANGE & CELLA LLP

SHARF LAW FIRM

By: /s/_____
          Mark M. Sharf
Attorneys for Plaintiff THE FILM MUSICIANS
SECONDARY MARKETS FUND (By Ms.
Kim Roberts Hedgpeth, Executive Director)

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action on all claims allowed by law.

DATED: September 10, 2019                SHARF LAW FIRM


By: /s/ _____
             Mark M. Sharf

Attorneys for Plaintiff THE FILM MUSICIANS
SECONDARY MARKETS FUND (By Ms.
Kim Roberts Hedgpeth, Executive Director)